

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 6, 1958

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-486

Re: When funds are deposited
to suspense and cleared to
a fund, and after clearance
the check is returned un-
paid and charged to suspense,
may the Comptroller author-
ize a transfer of the charge
on the unpaid returned check
from suspense to the fund to
Dear Mr. Calvert:        which the clearance was made?

You have requested the opinion of this office on the
following question:

"When funds are deposited to suspense and cleared to
a fund, and after clearance the check is returned
unpaid and charged to suspense, can I authorize a
transfer of the charge on the unpaid returned check
from suspense to the fund to which the clearance
was made?"

You have advised us that the facts pertinent to this
request are as follows:

On March 31, 1958, the Bureau of Labor Statis-
tics deposited a remittance of $6.00 received from
the Port Arthur Drum Company to a suspense account,
and this remittance was subsequently cleared from
suspense to Boiler Inspection Fund No. 12 on April
9, 1958. The Bureau of Labor Statistics also de-
posited a remittance of $6.00 received from the
Port Arthur Drum Company directly into Boiler
Inspection Fund No. 12 on April 2, 1958. The check

deposited to suspense on March 31, 1958, was returned unpaid to the Treasurer on April 11, 1958, stamped "Payment Stopped".

The Treasurer then issued a returned-check letter, charging the $6.00 to the suspense account. The Bureau of Labor Statistics requested the charge for the unpaid returned check to be transferred from suspense to Boiler Inspection Fund No. 12, since they had cleared the amount to that Fund prior to the return of the check unpaid. You declined to transfer the charge from suspense on the unpaid returned check to the Boiler Inspection Fund No. 12.

The facts which you presented to this office indicate that Port Arthur Drum Company made two payments of $6.00, each to the Bureau of Labor Statistics, where only one such payment was required. The Bureau of Labor Statistics then deposited one of the $6.00 checks directly into Boiler Inspection Fund No. 12, whereas the other $6.00 payment was routed through the suspense fund, as is the usual practice. The present entry in the suspense fund, to which the $6.00 check was returned unpaid and charged to that fund, was a $6.00 amount owing to that fund and unpaid. The entry on the account of Boiler Inspection Fund No. 12 shows a $6.00 credit for the payment from the Bureau of Labor Statistics on April 2, 1958.

You have cited Attorney General's Opinion No. O-44 as authority for your refusal to transfer the charge from suspense to Boiler Inspection Fund No. 12. It is our view that Attorney General's Opinion No. O-44 is not applicable here, since that Opinion dealt with moneys which were placed in the General Revenue Fund, rather than an unpaid check in a special fund. It was there held that the Comptroller could not withdraw money from the General Revenue Fund and place it in the suspense fund in order to rectify a previous bookkeeping error.

It is the opinion of this office that the inadvertent double payment which resulted in the stoppage of payment on one check and thus a clearance of that check to a specific fund from suspense did not constitute moneys paid into that fund. It is our view that a transfer of the charge from suspense on the unpaid returned check to Boiler Inspection Fund No. 12 may be made, since no funds have actually ever been cleared to Boiler Inspection Fund No. 12 by virtue of the check deposited to suspense on March 31, 1958.

Honorable Robert S. Calvert, Page 3 (WW-486).

        In view of our answer to question number 1, it is
unnecessary to answer questions numbers 2 and 3.

### SUMMARY

The Comptroller may authorize a transfer
of the charge on an unpaid returned check
from suspense to a fund to which a clear-
ance of the check was made where the
check was deposited to suspense and sub-
sequently cleared to that fund and after
clearance the check was returned unpaid
and charged to suspense.

                        Yours very truly,

                        WILL WILSON
                        Attorney General of Texas


                        By B. H. Timmins Jr.
                           B. H. Timmins, Jr.
                           Assistant

BHT:jl

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

John Reeves

Jack Price

Ray Loftin

REVIEWED FOR THE ATTORNEY GENERAL
BY:

    W. V. Geppert